UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ROGER KNUTSON,            )
                          )
    Plaintiff,            )
                          )
vs.                       )   No.
                          )
THE BRACHFELD LAW GROUP, P.C.  )
                          )
    Defendant.            )   1:13-cv-0823 WTL-DKL

## COMPLAINT

COMES NOW the Plaintiff, ROGER KNUTSON ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, THE BRACHFELD LAW GROUP, P.C., alleges and affirmatively states as follows:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the state of Indiana, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

1

## PARTIES

6. Plaintiff is a natural person who resides in Noblesville, Hamilton County, Indiana, and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in Houston, Texas.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. In or around March of 2013, Defendant placed collection calls to Plaintiff in an attempt to collect on an alleged consumer debt arising from transactions for personal, household, and/or family purposes.

10. Defendant places collection calls to Plaintiff's telephone at phone number (317) 777-00XX.

11. In or around March of 2013, Defendant placed a collection call to Plaintiff and left a voicemail message.

12. In the voicemail message, Defendant's representative, "Mr. Forest," failed to state that the call was being placed by a debt collector in an attempt to collect an alleged debt. *See* Transcribed voicemail message attached hereto as Exhibit A.

13. In the voicemail message, Defendant's representative, "Mr. Forest," directed Plaintiff to return the call to 866-834-6218 extension 6152, which is a number that belongs to Defendant.

2

*See* Exhibit A.

14. In or around March of 2013, Defendant placed a second collection call to Plaintiff and left a voicemail message.

15. In the voicemail message, Defendant's representative, "Paul Morris," failed to state that the call was being placed by a debt collector in an attempt to collect an alleged debt. *See* Transcribed voicemail message attached hereto as Exhibit B.

16. In the voicemail message, Defendant's representative, "Paul Morris," directed Plaintiff to return the call to 866-834-6218 extension 6072, which is a number that belongs to Defendant. *See* Exhibit B.

17. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

18. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a. Defendant violated §1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of a debt;

   b. Defendant violated §1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt;

   c. Defendant violated §1692e(11) of the FDCPA by failing to disclose in its communications with Plaintiff that the communication was from a debt collector.

3

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

19  Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

20  Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k, and

2.  Any other relief that this Honorable Court deems appropriate.

Date: May 7, 2013

RESPECTFULLY SUBMITTED,

By: _____
Ryan Lee
Krohn & Moss, Ltd.
10474 Santa Monica Blvd, Ste 405
Los Angeles, CA 90025
Tel: (323) 988-2400 x241
Fax: (866) 861-1390
Rlee@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF INDIANA)

Plaintiff, ROGER KNUTSON, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ROGER KNUTSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 4/18/13

ROGER KNUTSON
Plaintiff

5